Hall, J.
1. Where the attorneys, representing the complainant, disagreed as to the fees to be paid to associate counsel for complainant from the fund brought into Court, and the latter brought a rule to determine that question, to which rule the leading attorney objected, but subsequently withdrew his objection, and agreed to submit the issues between the parties to a jury, which was done, and a verdict was found against him, he was thereby estopped from subsequently urging such objection.
(a.) Besides, the ninth ground assigns no specific error in the final order.
2. The movants had a right to stand on their contract as to the *194 amount and character o.f the services they were thereby bound to ren der, unless it was shown that it was altered in this particular by a subsequent agreement. Whether this had been done, was a question for the jury.
Underwood, Rowell & Chaney, for plaintiff in error.
Wright, Meyerhardt & Wright, for defendant.
3. The charge excepted to in the fifth ground of the motion for new trial, fully and fairly submits the point as to whether the associate cousel performed their duty after the execution of the contract between them and the leading counsel, and if they did not, whether their failure to do so was owing to the conduct of the leading counsel, and whether he ever called upon them for such services, as they alleged he undertook to do.
4. The exeption to the charge, embodied in the seventh ground of the motion, is groundless. The principle contained in the request to . charge was covered by the charge given.
'5. The court gave in charge the principle, claimed to be correct in the eighth ground of the motion, and it was right to refuse to charge in the language used by this court in the case of Moses vs. Bagley & Sewell, 55 Ga., 283, the facts and circumstances of which differed from those in the present case.
6. The \erdict was not contrary to law or the evidence.
•Judgment affirmed.